## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 28 2019, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David K. Payne
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine A. Cornelius
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of: K.B., J.K.E., J.E., and K.E., Children in Need of Services, <br><br> and <br><br> A.E. (Mother), <br> *Appellant-Respondent,* <br><br> v. <br><br> The Indiana Department of Child Services, <br> *Appellee-Plaintiff.* | May 28, 2019 <br><br> Court of Appeals Case No. 18A-JC-2603 <br><br> Appeal from the LaPorte Circuit Court <br><br> The Honorable Thomas Alevizos, Judge <br><br> The Honorable W. Jonathan Forker, Magistrate <br><br> Trial Court Cause No. 46C01-1806-JC-72 46C01-1806-JC-73 46C01-1806-JC-74 46C01-1806-JC-75 |

**Tavitas, Judge.**

## Case Summary

A.E. ("Mother") appeals the dispositional order concluding that her four children are children in need of services ("CHINS"). We remand.

## Analysis

Mother has four children, ten-year-old K.B., eight-year-old Ja.E., three-year-old Jo.E, and one-year-old K.E. (collectively, the "Children"). B.E. ("Father") is the father of Ja.E., Jo.E., and K.E.[1] K.B.'s father did not appear and was not involved in the proceedings; his whereabouts are unknown, and he "does not currently have legal custody" of K.B. Appellant's App. Vol. II p. 11.

The Children were removed by the Department of Child Services ("DCS") while they were staying with their maternal grandmother after allegations that:

> [the Children's] physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the [the Children's] parent, guardian, or custodian to supply [the Children] with necessary food, clothing, shelter, medical care, education, or supervision; and [the Children] need[] care, treatment, or rehabilitation that [the Children are] not receiving; and is unlikely to be provided or accepted without the coercive intervention of the Court.

*Id.* at 10, 13, 14.[2] In June 2018, DCS filed a petition alleging that the Children are CHINS, and a fact finding hearing was held on September 5, 2018. The

---

[1] Father does not participate in this appeal.

[2] The allegations are the same for each child.

trial court's order on the fact finding[3] hearing merely states, "[t]hrough fact finding, [t]he Court now finds that the child, [] is a Child in Need of Services as defined by 31-34-1-1." *Id.* at 19. After the trial court found the Children were CHINS, a dispositional hearing was held on September 26, 2018, and a separate dispositional order was issued.

[4] Mother raises several issues with regard to the finding that the Children were CHINS. We, however, find it necessary to remand to the trial court based on the trial court's lack of written findings of fact and conclusions of law.[4] The trial court's dispositional order[5] merely states:

> The CHINS petition comes on for a Dispositional Hearing.
>
> A factual basis was established.
>
> > The child having been found to be a Child in Need of Services the Court, after reviewing the Predispositional Report(s) and hearing statements and evidence presented to the Court regarding the disposition of this cause, finds:

---

[3] The trial court entered a specific order with respect to K.B., and a separate order with respect to Ja.E., Jo.E., and K.E., collectively. We cite from K.B.'s order; however, the orders are mostly similar in all respects.

[4] We note that the trial court did orally state the basis for its findings that the Children were CHINS; however, the statute requires "written" findings and conclusions. Ind. Code § 31-34-19-10(a).

[5] The trial court entered a specific order with respect to K.B., and a separate order with respect to Ja.E., Jo.E., and K.E., collectively. We cite from K.B.'s order; however, the orders are mostly similar in all respects.

The needs of the child for care, treatment, or rehabilitation are: A safe, stable home environment.

Participation by the parent, guardian, or custodian in the plan for the child is necessary to: Provide a safe, stable home environment.

Based on the information presented in the Predispositional Report(s) and provided at the hearing, the Court makes the following dispositional orders:

The child shall remain in her current home or placement, with supervision by DCS.

[DCS] is awarded wardship of the children, with responsibility for supervision, care and placement. The rights and obligation of the person granted wardship in this case as defined by I.C. 31-9-134.5 are hereby modified to conform to the terms of this Dispositional Decree and the Parent Participation Plan ordered herein. DCS is authorized to consent to the children's medical care.

Appellant's App. Vol. II pp. 21-22. The trial court also ordered Mother and Father to take part in certain services.

[5] Indiana Code Section 31-34-19-10 states,

(a) The juvenile court shall accompany the court's dispositional decree with written findings and conclusions upon the record concerning the following:

(1) The needs of the child for care, treatment, rehabilitation, or placement.

(2) The need for participation by the parent, guardian, or custodian in the plan of care for the child.

(3) Efforts made, if the child is a child in need of services, to:

>> (A) prevent the child's removal from; or

>> (B) reunite the child with;

the child's parent, guardian, or custodian in accordance with federal law.

(4) Family services that were offered and provided to:

>> (A) a child in need of services; or

>> (B) the child's parent, guardian, or custodian;

in accordance with federal law.

(5) The court's reasons for the disposition.

(6) Whether the child is a dual status child under IC 31-41.

(b) The juvenile court may incorporate a finding or conclusion from a predispositional report as a written finding or conclusion upon the record in the court's dispositional decree.

[6]     Several required findings and conclusions that should have been included in the trial court's order, pursuant to the statute, were not included. In CHINS cases, written findings and conclusions are crucial, because

> Indiana Code § 31-34-19-10(5) requires that the trial court give reasons for its disposition in a CHINS proceeding. Specifically, we are concerned that procedural irregularities, like an absence of clear findings of fact, in a CHINS proceeding may be of such import that they deprive a parent of procedural due process with respect to a potential subsequent termination of parental rights. . . . Our legislature's enactment of an interlocking statutory scheme governing CHINS and involuntary termination of parental rights compels this court to make sure that each procedure is conducted in accordance with the law.

*In re J.Q.,* 836 N.E.2d 961, 966-67 (Ind. Ct. App. 2005), *reh'g denied* (citations omitted).

[7]     While the failure to enter written findings of fact and conclusions of law on a dispositional order is not always reversible error, this does not appear to be one of those cases. In *In re T.S.,* 881 N.E.2d 1110, 1113 (Ind. Ct. App. 2008), a panel of this court found that, although the court's written findings in a CHINS dispositional order "consist[ed] predominantly of boilerplate language that would not be helpful to a reviewing court and, therefore, generally would not be sufficient to permit appellate review," there were "few, if any, factual questions for the court to resolve." Specifically, this court found that, because the probate court "had committed Mother indefinitely to inpatient mental health treatment," and the mother "presumably could not take [the child] . . . with her,

Mother was unavailable to care for him, and no services the State might offer would decrease the need for someone besides Mother to care for [the Child]." *T.S.,* 881 N.E.2d at 1113; s*ee also McBride v. Monroe Cty. Office of Family and Children,* 798 N.E.2d 185, 196 (Ind. Ct. App. 2003) (finding that the dispositional order "as a whole" met the statutory requirement because the trial court "expressly incorporated OFC's Juvenile Predispositional Report and Six-Month Periodic Review Report and adopted OFC's recommendations contained in that report," into the dispositional order, and that "OFC's report contains fifteen pages of family history, background, and placement options for the children").

[8] Here, the trial court did not incorporate prior records or the predispositional report in its dispositional order. Further, the dispositional order did not include the necessary findings on all the required relevant statutory subsections. Unlike *T.S.,* this case required factual findings for the trial court to determine, which the trial court failed to do. The lack of findings of fact and conclusions of law has impeded our review. Accordingly, we remand for the trial court to enter written findings of fact and conclusions of law as required by Indiana Code Section 31-34-19-10.

## Conclusion

[9] We remand for the trial court to enter findings of fact and conclusions of law consistent with Indiana Code Section 31-34-19-10.

[10] Remanded.

Crone, J., and Bradford, J., concur.